**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JUAN BAUTISTA ALOMIA-TORRES, a/k/a

No. 99-4387

John, a/k/a Luis Antonio Torres,
a/k/a Edward Martinez, a/k/a Luis
Alfredo Martinez, a/k/a John the
Jamaican,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Samuel G. Wilson, Chief District Judge.
(CR-97-40)

Submitted: April 28, 2000

Decided: June 5, 2000

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark P. Foster, Jr., Charlotte, North Carolina, for Appellant. Robert
J. Higdon, Jr., OFFICE OF THE UNITED STATES ATTORNEY,
Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Juan Bautista Alomia-Torres of various drug and drug-related offenses. On appeal, he alleges that the district court erred by denying his motion for a continuance and that his trial counsel rendered ineffective assistance. Finding no reversible error, we affirm.

The record shows that Alomia-Torres was the leader of a major drug conspiracy that was based primarily in Charlotte and Winston-Salem, North Carolina, from 1989-1996. Most of the co-conspirators were from the same neighborhood in Colombia. The conspirators imported the cocaine from Colombia and Ecuador and distributed it in North Carolina, Georgia, Texas, and New York. The conspiracy involved over twenty people, and Alomia-Torres was held responsible at sentencing for distributing in excess of 300 kilograms of cocaine.

We review the district court's denial of Alomia-Torres' motion for a continuance for an abuse of discretion. See United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). To prevail, Alomia-Torres must show that the denial prejudiced his case. See id. We find that he has failed to meet this burden.

Alomia-Torres' trial counsel was appointed to represent him approximately six weeks prior to trial.[1] Counsel filed a motion for continuance based on limited preparation time. Specifically, counsel stated that he had other pending trials and briefs, that the record was extremely voluminous, and that he needed time to transcribe the

_____

[1] This attorney was the fourth to represent Alomia-Torres; the others having withdrawn for various reasons, most notably disagreements with Alomia-Torres over trial strategy. The record further shows that the trial was continued several times over the preceding 18 months.

2

record into Spanish for Alomia-Torres. The district court denied the motion and counsel's subsequent motion for reconsideration.

We find that the district court did not abuse its discretion by denying an additional continuance. Counsel had access to and reviewed the Government's discovery file from the beginning of his representation. While counsel did not receive photocopies of the file until approximately two weeks prior to trial, he had access to the information needed to prepare his case long before that. Our conclusion is supported by counsel's ability to file several pre-trial motions, most of which were resolved in Alomia-Torres' favor, and his responses to Government requests. Moreover, Alomia-Torres' prior attorneys had access to most of the same information for over a year-and-a-half.[2] Finally, the evidence against Alomia-Torres was overwhelming. Several co-conspirators testified concerning the extent of his involvement in the drug business. As a result, we find that Alomia-Torres fails to show how he was prejudiced by the denial.

Alomia-Torres also alleges that counsel was ineffective because he was unprepared for trial and that this lack of preparation manifested itself in counsel's weak cross-examination of Government witnesses, failure to object to inadmissible evidence, and failure to present a coherent theory of innocence during closing argument. We review claims of ineffective assistance of counsel on direct appeal only when the ineffectiveness "conclusively appears" on the record. See United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). Otherwise, such claims should be raised in the district court in a habeas corpus proceeding rather than in this court by direct appeal. See id.

Our review of the record shows that Alomia-Torres' claims fall into the latter category. There are numerous tactical reasons for an attorney to limit his cross-examination, and we decline to speculate as to which were present here. We further find that none of the complained of testimony was clearly inadmissible. Contrary to Alomia-Torres' allegations, the witnesses testified from first-hand experience; no further foundation was needed. Finally, although counsel's strat-

_____

[2] There is nothing in the record to suggest that Alomia-Torres was unable to assist trial counsel based on this prior access.

egy of making a short closing argument was ultimately unsuccessful, we do not find it glaringly deficient.

Accordingly, we affirm Alomia-Torres' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4